IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RONALD ARLEN SHAMBERGER,

        Petitioner,        Civil No. 09-1266-CL

        v.        FINDINGS AND
                RECOMMENDATION
BRIAN BELLEQUE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated March 29, 2008 from the Marion County Circuit Court after convictions for two counts of Sodomy in the First Degree. After a stipulated facts trial petitioner was convicted and the court imposed two 100 month sentences of imprisonment with 68 months of the

1 - FINDINGS AND RECOMMENDATION

second count to run consecutively to the first count and 32 months to run concurrently. Exhibit 101.

Petitioner did not directly appeal his convictions.

Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 105, but the Umatilla County Circuit Court denied relief. Exhibit 113. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 114 - 118.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four claims for relief. Petition (#2) p. 6-10.

Respondent now moves to deny relief and dismiss this proceeding on the grounds that petitioner failed to present three of his claims to the state courts and they are now procedurally defaulted. Response to Petition (#14) p. 1. Respondent argues the remaining claim was correctly denied on the merits in a state-court decision that is entitled to deference under 28 U.S.C. § 2254. Id.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S.

2 - FINDINGS AND RECOMMENDATION

1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has

3 - FINDINGS AND RECOMMENDATION

failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement

4 - FINDINGS AND RECOMMENDATION

requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

At petitioner's post-conviction trial, petitioner raised numerous grounds for relief in his formal petition for post-conviction relief. Exhibit 105. The PCR court found that petitioner failed to meet his burden of proof and denied relief on all claims. Exhibit 113.

Petitioner appealed the PCR court judgment, alleging only that the PCR court erred in failing to sustain petitioner's claim that his trial counsel failed to provide constitutionally effective assistance of counsel by failing to object to the trial court's imposition of consecutive sentences. Exhibit 114, p. 2. As noted above, the Court of Appeals affirmed without opinion.

In his petition for review by the Oregon Supreme Court petitioner alleged the single claim raised in his PCR appeal - *viz.*, that the court erred in denying his claim of ineffective assistance of counsel based on counsel's failure to object to the imposition of consecutive sentences. *See*, Exhibit 117.

Accordingly, that claim is the only claim fairly presented to the Oregon Supreme Court as required by the doctrine of exhaustion of state remedies discussed above. Petitioner is now barred under Oregon law from filing any

5 - FINDINGS AND RECOMMENDATION

additional appeals or PCR proceedings and therefore cannot fairly present any additional claims to the Oregon courts.[1] Therefore, the other claims raised in petitioner's petition [Grounds One, Two and Four] are procedurally defaulted.

Petitioner argues that "inaction" by his trial and PCR appellate attorney cause his procedural default. Petitioner's Reply (#31).

However, cause for procedural default exists only if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 748 (1986). There mere fact that counsel failed to recognize it, does not constitute cause for procedural default. Id., p.486. Similarly, because there is no constitutional right to counsel in post-conviction proceedings, the actions of PRC counsel cannot be constitutionally ineffective assistance amounting to "cause" to excuse procedural default. Coleman v. Thompson, 501 U.S. 722, 752-757 (1991).

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

6 - FINDINGS AND RECOMMENDATION

Petitioner has not established any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

In Ground Three, petitioner alleges that his trial counsel was ineffective for failing to object to the imposition of consecutive sentences. As discussed above, the Oregon courts denied relief on this claim.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application'

7 - FINDINGS AND RECOMMENDATION

inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), a determination of a factual issue made by a state court shall be presumed to be correct and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the

petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>.

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Bell</u>, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (*per curiam*).

9 - FINDINGS AND RECOMMENDATION

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

For the reasons set forth below, I find that the PCR court's conclusion that petitioner's trial counsel was not constitutionally defective, is not contrary to, nor an unreasonable application of *Strickland*, and therefore entitled to deference by this court. Moreover, I find that the state court decision was correct on the merits.

Petitioner has not presented any evidence or argument in support of Ground Four. In his PCR trial and appeal, petitioner's consecutive sentences claim was based on an *Apprendi/Blakely* argument. However, *Blakely* is not applicable to petitioner's case because petitioner stipulated to the court making a determination of an appropriate sentence and admitted the supporting facts for both of his charges. Petitioner's trial counsel stated in his affidavit, "the district attorney and I agreed to a stipulated facts trial on 2 counts of the indictment. The remaining three counts were dismissed pursuant to the agreement. The state would be allowed to ask for consecutive sentences, and Mr. Shamberger

10 - FINDINGS AND RECOMMENDATION

was allowed to ask for concurrent sentences. Mr. Shamberger agreed to those terms and he was properly advised before he entered the agreement." Exhibit 111, p. 1-2.

As the opinion in *Blakely* points out, "there is nothing that prevents a defendant from waiving his rights to a fact-finding jury: [w]hen a defendant pleads guilty, the state is free to seek judicial enhancements as long as the defendant either stipulates to the relevant facts or consents to judicial fact-finding." Blakely v. Washington, 542 U.S. 296, 310 (2004).

Petitioner admitted to the trial judge that he sodomized his daughter on more than one occasion. Exhibit 103, Trial Transcript p. 6, ln. 6-7. Petitioner's admission provided an adequate factual basis to support each charge. Oregon law allows for the imposition of consecutive sentences for convictions that "do not arise from the same continuous and uninterrupted course of conduct." ORS § 137.123(2).

Petitioner's attorney was not unreasonable or deficient for failing to make a merit-less objection and petitioner was not prejudiced by his failure to do so.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

11 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 9 day of January, 2012.

Mark D. Clarke
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION